[Crim. No. 20399. May 26, 1978.]

In re ROBIN M., a Minor, on Habeas Corpus.

**COUNSEL**

Martin E. Aguilar for Petitioner.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Kenneth I. Clayman and Albert J. Menaster, Deputy Public Defenders, as Amici Curiae on behalf of Petitioner.

John H. Larson, County Counsel, and Philip H. Hickok, Deputy County Counsel, for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Barry R. Levy, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**BIRD, C. J.**—A minor who has been detained in custody on a petition filed against him in the juvenile court is entitled to have his jurisdiction hearing[1] within 15 judicial days of his detention hearing.[2] (Welf. & Inst. Code, §§ 320, 334, 636, 657.)[3] In the present case, this court must decide whether such a minor may be detained for more than these 15 judicial days when a *second* petition is filed which is based on the same transactions as the initial petition.

### I

At 4:30 a.m. on July 19, 1977, petitioner, Robin M., a 16-year-old minor, was taken into temporary custody (§ 625) by an officer of the Los Angeles Police Department and detained at the County Central Juvenile Hall. On July 21, 1977, at 11:45 a.m.[4] a petition was filed in the juvenile court, alleging that the minor came within that court's jurisdiction under section 602 because he assertedly had committed seven violations of Penal Code section 211 (robbery).

A detention hearing was held later that same day before a referee, who ordered petitioner detained in the juvenile hall. The minor denied the allegations of the petition and the matter was set for a jurisdiction hearing on August 12.[5]

---

[1] California juvenile court law provides for a jurisdiction hearing to determine "whether or not the minor is a person described by Section 300, 601, or 602" of the Welfare and Institutions Code, thus establishing whether or not the juvenile court may exercise its jurisdiction over the minor. (Welf. & Inst. Code, §§ 701, 702.)

In the present case, as will be seen, the minor was alleged to come within the jurisdiction of the juvenile court on the basis that he was a "person who [was] under the age of 18 years when he violate[d] [a] law of this state . . . ." *(Welf. & Inst. Code, § 602.)*

[2] The purpose of a detention hearing in juvenile court is to ascertain whether the minor need be detained in custody pending his jurisdiction hearing. (Welf. & Inst. Code, §§ 630, 632, 635, 636.) As this court has previously noted, "the Legislature [has] indicated its intention that detention be the exception, not the rule." *(In re William M.* (1970) 3 Cal.3d 16, 26 [89 Cal.Rptr. 33, 473 P.2d 737].)

[3] All references hereinafter to code sections are to the Welfare and Institutions Code, unless specifically indicated otherwise; all references to rules are to the California Rules of Court.

[4] This was 55 hours after petitioner was taken into temporary custody. (Cf., *post*, fn. 11, at p. 343.) None of these 55 hours fell on a nonjudicial day.

[5] Petitioner agreed to waive one day of his right to a speedy jurisdiction hearing so that the hearing could be held one day beyond the limit of 15 judicial days set by section 657.

At 9 a.m. on August 12, the time set for the jurisdiction hearing, petitioner announced he was ready for trial, and the prosecutor informed the court he expected to be ready at 1:30 p.m. that afternoon. At 1:30, the prosecutor indicated he was unable to proceed and requested a continuance because the investigating police officer, an essential witness in the case, was on vacation. Relying on sections 657 and 700.5, the court denied the motion for a continuance, dismissed the petition "without prejudice for lack of prosecution," and released petitioner from custody.

Petitioner was then taken to the juvenile hall to be released. However, the police rearrested him and the juvenile probation officer redetained him before he was physically released from custody. On August 15, a second petition, virtually identical to the dismissed petition, was filed against the minor. A detention hearing was held later that same day and petitioner denied the allegations of this second petition and the court ordered him detained. A jurisdiction hearing was set for September 6. ■■ ■■■■ Petitioner thereupon filed this request for the issuance of a writ of habeas corpus and his release from custody pending the jurisdiction hearing.[6] (Pen. Code, § 1473.)

## II

■■ Petitioner contends that the Legislature has limited by statute the maximum length of time a juvenile may be detained prior to a jurisdiction hearing. Therefore, he contends that he may not be detained for a period longer than the statutory maximum by using the device of

---

[6]As a preliminary matter, the respondent juvenile probation officer asserts that this habeas corpus proceeding is moot, because the second petition was sustained on September 7, 1977, as to five of the allegations contained therein, and hence the minor is no longer confined under the prejurisdiction hearing detention order of which he complains. However, these events do not require this court to dismiss the petition. "[I]f a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M., supra,* 3 Cal.3d at p. 23.) This court is especially loath to dismiss a case as moot if the issues presented arise from "situations which are 'capable of repetition, yet evading review.' " (*Id.,* fn. 14, at p. 23, quoting from *Moore* v. *Ogilvie* (1969) 394 U.S. 814, 816 [23 L.Ed.2d 1, 4, 89 S.Ct. 1493].)

The central issue in the present case meets both of these criteria, for it concerns an important recurring problem in the administration of this state's juvenile court law and is incapable of appellate review during the relatively brief life of the detention order. It is therefore appropriate for this court to address the merits of this petition.

dismissing the original petition and filing a new one based on the same transactions.[7] This contention has merit.

California's statutes dealing with the detention of minors during the pendency of juvenile court proceedings are largely a product of the Legislature's overhaul of the Juvenile Court Law in 1961. (Stats. 1961, ch. 1616, p. 3476.) In enacting the 1961 revisions, the Legislature substantially followed the recommendations and proposals of a special study commission on juvenile justice which were issued in 1960.[8] That commission found that one of the "major problems" with California's Juvenile Court Law was the "excessive and unwarranted detention of children in the state." (Commission Report, pt. I, at p. 12; see also *In re William M., supra,* 3 Cal.3d at pp. 25-26.)

A "basic concern of the Commission is the length of time minors are held in detention pending hearings on petitions. While the estimated average length of time between arrest and the juvenile court hearing presently varies from two to three weeks, the Commission knows of numerous cases in which there has been a delay of between one and two months before the hearing was held. We also have knowledge of a case in which a minor was held in the juvenile hall for six months pending the juvenile court hearing!

"The Commission notes that in most counties children who are detained do not have their juvenile court hearings appreciably earlier than those who are not detained. As a result, the time spent in juvenile halls pending the court hearing amounts to a 'sentence,' even though the court may later decide to grant probation or dismiss the petition. It is indeed difficult to reconcile the practice of detaining a child one to six months prior to the juvenile court hearing with the protective philosophy of the juvenile court." (Italics omitted.) (Commission Report, pt. I, at p. 28.)

---

[7]Petitioner specifically does not challenge the propriety of filing a second petition after one has been dismissed because of a time problem; he attacks only his custodial status during the pendency of the second petition. Therefore, this court is not deciding whether there are limitations on the state's power to refile a petition.

[8]The two parts of the commission's final report are: Report of the Governor's Special Study Commission on Juvenile Justice, Part I—Recommendations for Changes in California's Juvenile Court Law (1960) (hereinafter, Commission Report, pt. I); and Report of the Governor's Special Study Commission on Juvenile Justice, Part II—A Study of the Administration of Juvenile Justice in California (1960) (hereinafter, Commission Report, pt. II).

In order to "minimize the length of detention" (Commission Report, pt. II, at p. 18), the commission recommended that "maximum time limits for hearings should be set forth in the law" and that "[p]riority should be given . . . to reducing the time spent in detention prior to a finding of jurisdiction." (Commission Report, pt. I, at p. 28.) To implement its recommendations, the commission proposed specific statutes, which it enumerated in its report (*id.*, Appen. A, at pp. 51-99), and which the Legislature enacted with few modifications. Those time limits on hearings and detentions remain virtually intact.[9]

A minor may be taken into "temporary custody" (§ 625 [§ 305]) by a peace officer, who, if he does not release the minor outright or upon a citation, must deliver custody of the minor "without unnecessary delay" to the juvenile probation officer. (§ 626 [§ 307].)[10] The probation officer must then "immediately investigate the circumstances of the minor and the facts surrounding his being taken into custody" and must "immediately" release the minor, unless one or more specified conditions exist. (§ 628, subd. (a) [§ 309].)

In the event the minor is detained, the probation officer "shall immediately proceed . . . to cause the filing of a petition" against the minor. (§ 630, subd. (a) [§ 311].) The minor "shall be released within 48 hours after having been taken into custody, excluding nonjudicial days, unless within said period of time a petition to declare him a ward has been filed . . . ." (§ 631, subd. (a) [§ 313].)[11]

---

[9]The following discussion is geared to those statutes applicable to a minor, such as petitioner, who is alleged to come within the jurisdiction of the juvenile court pursuant to section 602 or 601. Separate but analogous statutes apply to a minor who is alleged to be a "dependent child." (§ 300 et seq.) These analogous provisions are noted in brackets.

[10]Juvenile court proceedings may commence and a minor may be detained on bases other than the temporary custody provided for in section 625. (See, e.g., §§ 604, 641, 653.) In all such instances, however, if a petition is filed, the time limits set forth herein are applicable.

[11]The record in the present case shows a patent violation of this 48-hour requirement of section 631. The report of the special study commission makes clear that the 48-hour period starts to run from the moment the minor is first taken into temporary custody by the arresting peace officer, not from the time the minor is received by the probation officer at juvenile hall. (Commission Report, pt. II, at pp. 106-107.) Since the initial petition in this case was not filed within 48 hours of his arrest (see, *ante*, fn. 4, at p. 340.), petitioner should have been released before his first detention hearing or, if the defect had not been discovered earlier, at that hearing.

While there is an exception to this 48-hour requirement in cases where the minor "willfully misrepresents himself to be 18 or more years of age when taken into custody" (§§ 631, subd. (a); 631.1), there is no suggestion in the record that this exception was involved here.

Once a petition is timely filed, the detained minor is entitled to a detention hearing "as soon as possible but in any event before the expiration of the next judicial day after a petition . . . has been filed." (§ 632 [§ 315].)[12] If the minor is not released at the detention hearing, the court may further detain him "for a period not to exceed 15 judicial days." (§ 636 [§ 320].)

The jurisdiction hearing must commence "within 15 judicial days[[13]] from the date of the order of the court directing such detention" if the minor is detained or if the minor has been released from custody "within 30 days" of the filing of the petition. (§ 657 [§ 334].) The commencement of the hearing may be postponed only under certain limited circumstances.[14] Among these is a provision that "[e]xcept where a minor is in custody, any hearing on a petition . . . may be continued by the court for not more than 10 days in addition to any other continuance authorized in this chapter [§§ 200-945] whenever the court is satisfied that an unavailable and necessary witness will be available within such time." (Italics added.) (§ 700.5 [§ 354].)

Clearly, the Legislature intended that a minor be released from detention if a jurisdiction hearing is not held within 15 judicial days of the detention hearing, since it specifically limited the length of time a court may order a minor detained following the detention hearing to 15 judicial days (§ 657). Further, it refused to provide for any rehearing or extension of that detention order when the original 15-day period

---

[12]"If the minor is not brought before a judge or referee of the juvenile court within the period prescribed by this section, he shall be released from custody." (§ 632.) The detention hearing may be continued only "[u]pon motion of the minor or a parent or guardian of such minor." (§ 638.)

[13]The special study commission had recommended that the jurisdiction hearing for a detained minor be held within 10 judicial days of the detention hearing (Commission Report, pt. I, at pp. 14, 27-29, 67-68, 70), but the Legislature provided for 15 (Stats. 1961, ch. 1616, § 2, pp. 3476, 3478).

[14]Sections 682 [§ 352] and 700 [§ 353] authorize continuances at the request of the minor, the minor's parents, or the minor's attorney. The court may postpone the hearing when it is "in doubt concerning the [minor's] mental health" (§ 705 [§ 357]) or when it seeks to determine whether the minor is "a danger to himself or others as a result of the use of narcotics . . . or a restricted dangerous drug . . . ." (§ 708 [§ 359].) In addition, when the minor has made an extrajudicial admission or confession and unexpectedly denies it at the hearing, the court may continue the hearing "for not to exceed seven days" at the prosecutor's request. (§ 701; see Thompson, Cal. Juvenile Court Deskbook (1976) § 8.22, pp. 88-89.)

expires.[15] The district attorney and juvenile probation department concede this point.

In the present case the district attorney sought to avoid the release of the minor after 15 judicial days by using the technique of dismissing the original petition, filing a new petition based on the same transactions, and, after a detention hearing on this second petition, detaining the minor for a new period of 15 judicial days. Such a procedure completely frustrates the Legislature's purpose in strictly limiting preadjudication detention. Ultimately, it leads to the detention of minors for periods of time that the special study commission condemned as "excessive."

The facts of the present case are illustrative: although petitioner waived only one day of time (*ante,* fn. 5, at p. 340), he remained in preadjudication detention from the day of his arrest on July 19 until his jurisdiction hearing on September 6—49 calendar days. A preadjudication detention of this length is well beyond the threshold of one month that the commission found "difficult to reconcile . . . with the protective philosophy of the juvenile court." (Commission Report, pt. I, at p. 28; see *ante,* at p. 342.)

Moreover, the refiling process completely nullifies the Legislature's desire to provide "early hearings for juveniles who are detained" and to give "[p]riority . . . to hearing detained cases." (Commission Report, pt. I, at pp. 28, 29.) In the present case petitioner's jurisdiction hearing commenced 47 calendar days after the filing of the first petition, well past the "*maximum* time limits for hearings" as set forth in section 657. (Italics added.) (*Id.,* at p. 28.) Indeed, petitioner's hearing was held beyond the 30-day limit provided for petitions involving *non-detained* minors (§ 657), and past the additional 10-day period which may be permitted in such cases when a necessary witness is unavailable (§ 700.5).[16]

[15]The Legislature did authorize a rehearing in limited circumstances not applicable here: section 637 permits a rehearing within 24 hours of the filing of an affidavit by a parent or guardian, alleging that no parent or guardian (1) had been present at the detention hearing and (2) had had actual notice of the hearing. This section also provides for a rehearing at the minor's request "to consider evidence of a prima facie case." Neither of these rehearings, however, affects the 15-day time limits of section 636 and 657.

Since the Legislature provided for a rehearing in these situations, it is apparent that its failure to provide for a rehearing to extend the 15-day period was deliberate.

[16]This conclusion is supported by section 700.5, which provides that when a "necessary witness" for the prosecution is unavailable but is likely to become available within 10 days, the hearing may *not* be continued to obtain that witness if the minor is in detention. (§ 700.5.) To permit the prosecutor to file a second petition based on the same transaction

Two arguments are advanced to support the continued detention of petitioner under the second petition. It is contended that rule 1351(e) of the California Rules of Court authorizes the detention of a minor in this situation.[17] Rule 1351 was promulgated by the Judicial Council under its authority to "establish rules governing practice and procedure in the juvenile court *not inconsistent with law.*" (Italics added.) (§ 265.) However, as the previous analysis of legislative history established, the statutes governing the detention of minors do not permit a detention to last more than 15 judicial days past the minor's detention hearing. If the hearing leading to a finding of jurisdiction does not commence within that period, the minor is entitled to be released from custody on that transaction whether the hearing is continued or a new petition based on the same transaction is filed. Insofar as rule 1351 is inconsistent with this legislative intent, it is disapproved.[18]

## III

■ If a minor is to be released from further detention because his jurisdiction hearing will not commence within 15 judicial days of his detention hearing, the petition against him need not and in most

and detain the minor under the newly filed petition gives the prosecutor the very continuance which the Legislature rejected.

[17]Rule 1351 provides in pertinent part:

"(a) If the minor is not detained, the clerk shall, upon the filing of the petition, set the petition to be heard, and the hearing shall be commenced, within 30 calendar days from the date of the filing of the petition.

"(b) If the minor is detained at the time the petition is filed, the clerk shall set the petition to be heard, and the hearing shall be commenced, within 15 judicial days from the date of the order of the court directing detention. If the minor is released from detention prior to the jurisdiction hearing, the court may reset the petition for hearing within the time limit prescribed by subdivision (a) of this rule.

". . . . . . . . . . . . .

"(d) . . . when a jurisdiction hearing is not commenced within the time limits prescribed in either subdivision (a) or (b), the court shall order the petition dismissed.

"(e) An order under subdivision (d) dismissing the petition prior to the jurisdiction hearing shall not in itself bar the filing of a subsequent petition commencing new proceedings based upon the same allegations as in the original petition. If the minor is detained at the time a subsequent petition is filed, a new detention hearing shall be held."

[18]The district attorney also appears to be arguing that the Legislature intended that all minors be detained who meet the statutory criteria for detention set forth in sections 635 and 636. This is incorrect. The Legislature provided for the release of minors, who might otherwise meet the criteria for detention, if (1) a petition is not filed within 48 hours after the minor was taken into custody (§ 631, subd. (a)); or (2) a detention hearing is not held within one judicial day of the filing of the petition (§ 632); or (3) the jurisdiction hearing is not commenced within 15 judicial days of the detention order (§§ 636, 657).

instances should not be dismissed.[19] Rather, the minor should be discharged from custody, the petition reset for hearing within the time prescribed for cases of nondetained minors (§ 657), and continued thereafter if sanctioned by the statutes governing non-detention cases. (See, e.g., § 700.5.) In this way, a minor who is initially detained but subsequently released under sections 636 and 657 will have his jurisdiction hearing conducted at least as quickly as a non-detained minor. This procedure conforms to the Legislature's intent.

The vice of the alternative of dismissal and refiling is illustrated by the present case. If petitioner had been released from custody on August 12, his jurisdiction hearing on the second petition could have been held as many as 30 calendar days after it was filed (§ 657). This would be 58 days after petitioner's arrest or 56 days after the filing of the first petition. This would have been an excessive delay under the standards enunciated by the commission for the hearing of cases of non-detained minors.

However, if the original petition had been reset within the time limits for non-detained minors, the jurisdiction hearing could have been held as early as August 15 (the next judicial day) or as late as August 22.[20] This procedure ensures a speedier jurisdiction hearing by 23-30 calendar days.

## IV

A minor must be discharged from custody if his or her jurisdiction hearing is not held within 15 judicial days after a detention hearing. If the juvenile court releases a minor pursuant to the command of sections 636 and 657, the Legislature's intent is completely frustrated if a district attorney can simply seek the dismissal of one petition and file a second based on the same transaction. Therefore, this court holds that a juvenile detained in preadjudication custody for the maximum period allowed by law must be released from such detention, whether the jurisdiction hearing is continued or a new petition is filed based on the same transactions.

---

[19]A dismissal would not be inappropriate if it appeared unlikely at the time petitioner were released from custody that the jurisdiction hearing could be held within the time limits (including continuances) permitted in non-detention cases.

[20]Since the 30th day following the filing of the initial petition fell on Saturday, August 20, the final day for the jurisdiction hearing was the following Monday, the next judicial day.

Since petitioner is no longer subject to the unlawful detention order issued at the time the second petition was filed, the order to show cause has served its purpose and is discharged. The writ of habeas corpus is denied.

Tobriner, J., Mosk, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.