[Civ. No. 67729. Second Dist., Div. One. May 3, 1983.]

DAVID B., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Larry J. Burge for Petitioner.

No appearance for Respondent.

Robert H. Philibosian, District Attorney, Donald J. Kaplan and Roderick W. Leonard, Deputy District Attorneys, for Real Party in Interest.

OPINION

**DALSIMER, J.**—This case presents the question as to whether a juvenile court is required to dismiss fitness proceedings when a minor is detained for more than 13 judicial days after the order of detention.

Petitioner seeks a peremptory writ of mandate or prohibition compelling the Los Angeles Superior Court to cease further criminal proceedings against him and to vacate its order finding him not to be a fit and proper subject to be dealt with under the Juvenile Court Law. He contends that in view of his right to a copy of the probation report at least 24 hours before a fitness hearing is held (Cal. Rules of Court, rule 1347(c)), his request for a 24-hour continuance so that he could review the probation report did not constitute a waiver of the time provisions of California Rules of Court, rule 1346(a). California

Rules of Court, rule 1346(a), provides, "If a minor (1) is alleged to be a person described in section 602 by reason of the violation of any criminal law; and (2) was, at the time of the alleged violation, 16 years of age or older, the prosecuting attorney may, prior to the attachment of jeopardy, request a hearing to determine whether the minor is a fit and proper subject to be dealt with under the juvenile court law. If the minor is detained in custody, the fitness hearing shall commence within 13 judicial days from the date of the order directing detention. If the minor is not detained in custody, the fitness hearing shall commence within 25 calendar days from the date of filing of the petition."

Petitioner was arrested on suspicion of murder on December 8, 1982. On December 10, 1982, a petition under Welfare and Institutions Code section 602 was filed in the Los Angeles County Superior Court, sitting as a juvenile court, alleging that petitioner had committed murder. (All statutory references are to the Welfare and Institutions Code.) Concurrently with the filing of the petition under section 602, a motion was also filed under section 707[1] to have petitioner found unfit to be dealt with under the Juvenile Court Law. Petitioner was ordered detained on December 13, 1982. The fitness hearing was scheduled for December 30, 1982.

Pursuant to California Rules of Court, rule 1347,[2] a probation report on petitioner's behavioral patterns and social history was prepared. Although the

---

[1]Section 707 provides in pertinent part as follows: "(b) The provisions of subdivision (c) shall be applicable in any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of one of the following offenses: [¶] (1) Murder. . . . [¶] (c) With regard to a minor alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of any of the offenses listed in subdivision (b), upon motion of the petitioner made prior to the attachment of jeopardy the court shall cause the probation officer to investigate and submit a report on the behavioral patterns and social history of the minor being considered for a determination of unfitness. Following submission and consideration of the report, and of any other relevant evidence which the petitioner or the minor may wish to submit the minor shall be presumed to be not a fit and proper subject to be dealt with under the juvenile court law unless the juvenile court concludes, based upon evidence, which evidence may be of extenuating or mitigating circumstances, that the minor would be amenable to the care, treatment, and training program available through the facilities of the juvenile court based upon an evaluation of each of the following criteria: [¶] (1) The degree of criminal sophistication exhibited by the minor. [¶] (2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction. [¶] (3) The minor's previous delinquent history. [¶] (4) Success of previous attempts by the juvenile court to rehabilitate the minor. [¶] (5) The circumstances and gravity of the offenses alleged to have been committed by the minor."

[2]California Rules of Court, rule 1347, provides: "(a) The court shall cause the probation officer to investigate and submit to it a report on the behavioral patterns and social history of the minor being considered for unfitness. This report shall include information relevant to the determination whether or not the minor would be amenable to the care, treatment and training program available through the facilities of the juvenile court, including information regarding all of the criteria listed under rule 1348(b). The report may also include information concerning: [¶] (1) The social, family, and legal history of the minor; [¶] (2) Any statement the minor chooses to

report was available on December 24, 1982, petitioner's attorney first received a copy of the report on December 30, 1982. Defense counsel requested a continuance of the fitness hearing to January 3, 1983. Counsel's request was granted.

On January 3, 1983, the 13th judicial day after the order directing detention, defense counsel informed the court that petitioner and his parents had not yet received their copies of the probation report. Defense counsel then requested a 24-hour continuance to permit his client to review the report. Petitioner concurred in counsel's request, but refused to waive time under California Rules of Court, rule 1346(a). The court continued the fitness hearing to January 4, 1983. Petitioner remained detained during these proceedings.

On January 4, 1983, petitioner moved to dismiss the fitness proceedings on the grounds that the hearing was being held on the 14th judicial day after the detention order. His motion was denied, and the fitness hearing was held on that date. At the conclusion of the hearing, which was held exactly 25 days after the filing of the petition, petitioner was found not to be a fit and proper subject to be dealt with under the Juvenile Court Law. A felony complaint was thereafter filed, charging petitioner with murder. Petitioner was arraigned on January 5, 1983, and a preliminary hearing was held on February 7, 1983. On March 24, 1983, we issued an alternative writ of mandate.

We have concluded that a trial court is not required to dismiss fitness proceedings when a minor has been detained in excess of 13 judicial days following the order directing detention even though a minor is entitled to release from custody under those circumstances. Because of this conclusion, we find it unnecessary to address the question whether availability of the probation report 24 hours before the fitness hearing satisfied the requirement that the report be "*furnished* to the minor . . . at least 24 hours prior to commencement of the fitness hearing." (Cal. Rules of Court, rule 1347(c), italics added.)

■ We hold that the delay in commencement of the fitness proceedings did not and does not require dismissal of those proceedings. The only relief to which petitioner was entitled was release from custody, and petitioner would

make regarding the alleged offense; [¶] (3) Any statement by the parent or guardian; [¶] (4) If the minor is or has been under the jurisdiction of the juvenile court, a statement by the probation officer, social worker or Youth Authority parole agent who has supervised the minor respecting the relative success or failure of any program of rehabilitation; and [¶] (5) Any other information relevant to the determination of fitness. [¶] (b) The probation officer shall make a recommendation to the court as to whether the minor is a fit and proper subject to be dealt with under the juvenile court law. [¶] (c) The probation officer's report on the behavioral patterns and social history of the minor shall be furnished to the minor, the parent or guardian and all counsel at least 24 hours prior to commencement of the fitness hearing. A continuance of 24 hours shall be granted upon request of any party who has not been furnished the probation officer's report in accordance with this rule."

clearly have had a right to a writ of habeas corpus had a petition for such writ been filed. Our conclusion is supported by the Supreme Court's interpretation in *In re Robin M.* (1978) 21 Cal.3d 337 [146 Cal.Rptr. 352, 579 P.2d 1] of section 657, a statute with provisions very similar to those of California Rules of Court, rule 1346(a). Section 657 provides in pertinent part as follows: "Upon the filing of the petition, the clerk of the juvenile court shall set the same for hearing within 30 days, except that in the case of a minor detained in custody at the time of the filing of the petition, the petition must be set for hearing within 15 judicial days from the date of the order of the court directing such detention." In *Robin M.,* the minor was detained in excess of the 15 judicial days permitted by section 657 by means of his rearrest on virtually identical charges prior to the scheduled release from custody. The Supreme Court held, "If a minor is to be released from further detention because his jurisdiction hearing will not commence within 15 judicial days of his detention hearing, the petition against him need not and in most instances should not be dismissed.[19] Rather, the minor should be discharged from custody, the petition reset for hearing within the time prescribed for cases of nondetained minors (§ 657), and continued thereafter if sanctioned by the statutes governing non-detention cases. [Citation.]" (*In re Robin M., supra,* 21 Cal.3d 337, 346-347.) In footnote 19, the court stated, "A dismissal would not be inappropriate if it appeared unlikely at the time petitioner were released from custody that the jurisdiction hearing could be held within the time limits (including continuances) permitted in non-detention cases." (*Id.,* at p. 347.)

We perceive no distinction with regard to the fitness proceedings here at issue that requires a different analysis than that employed by the court in *In re Robin M.* with regard to the analogous proceedings there involved. The juvenile court should have released petitioner from custody, but it was not required to dismiss the fitness proceedings.

As the fitness hearing herein was held within the time prescribed for minors who are not detained, we need not, and therefore do not, address the issue as to whether a petition must be dismissed if the fitness hearing does not commence within 25 calendar days from the date of filing thereof.

The petition is denied, and the alternative writ of mandate is discharged.

Lillie, Acting P. J., and Hanson (Thaxton), J., concurred.