[No. A035113. First Dist., Div. Three. Nov. 24, 1987.]

In re EDWAYNE V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
EDWAYNE V., a Minor, Defendant and Appellant.

**COUNSEL**

James E. McCready, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Aileen Bunney and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### SCOTT, Acting P. J.—

## I

### *Procedural Background*

On March 26, 1986, a petition was filed in the San Francisco Superior Court alleging that appellant Edwayne V., a minor, came within the provisions of section 602 of the Welfare and Institutions Code,[1] in that he had committed an offense under Penal Code section 211 (robbery). On March 27, 1986, appellant was ordered detained pending a jurisdictional hearing scheduled for April 17, 1986. On April 17, the matter came on for hearing jointly with the jurisdictional hearing of another minor, Rodney M., who had participated in the same alleged robbery. The attorney representing Rodney M. requested a continuance of the joint hearing because of a conflict he had with another pending juvenile trial. Counsel for appellant objected to a continuance, and moved that his client be released if the hearing were continued. The court stated it found good cause for a continuance, continued the hearing to April 21, and denied the request for appellant's release.

On April 21, appellant's counsel moved to dismiss the petition against his client pursuant to section 657[2] and California Rules of Court, rule 1351.[3] He argued that because the court had denied his client's release pending the continued hearing, and because the hearing had not commenced within "15

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] Section 657, subdivision (a)(1), provides: "In the case of a minor detained in custody at the time of the filing of the petition, the petition must be set for hearing within 15 judicial days from the date of the order of the court directing such detention."

[3] All further "rule" references are to the California Rules of Court.

Rule 1351 provides in pertinent part: "(b) If the minor is detained at the time the petition is filed, the clerk shall set the petition to be heard, and the hearing shall be commenced, within 15 judicial days from the date of the order of the court directing detention. If the minor is released from detention prior to the jurisdiction hearing, the court may reset the petition for hearing within the [30 day] time limit prescribed by subdivision (a) of this rule.

". . . . . . . . . . . . . . . . . . . .

"(d) Except as provided in subdivision (c) or in rule 1352, when a jurisdiction hearing is not commenced within the time limits prescribed in either subdivision (a) or (b), the court shall order the petition dismissed.

"(e) An order under subdivision (d) dismissing the petition prior to the jurisdiction hearing shall not in itself bar the filing of a subsequent petition commencing new proceedings based upon the same allegations as in the original petition, but if the petition was dismissed for failure to comply with the time limits set forth in subdivision (b) the minor shall not be detained under the subsequent petition. . . ."

judicial days" after detention under section 657, the court was required to dismiss the petition pursuant to rule 1351 (d). The court denied the motion.

The hearing went forward, the court determined a factual basis existed for the allegation of robbery in the petition, and that appellant came within the provisions of section 602. At the dispositional hearing on May 5, the court ordered appellant committed to Log Cabin Ranch School for a period not to exceed five years.

## II

### Issue on Appeal

The sole issue on appeal is whether the trial court was required to dismiss the petition pursuant to rule 1351 (d), because the jurisdictional hearing was not commenced within 15 judicial days after detention, appellant was not released prior to the jurisdictional hearing, and the hearing was not continued pursuant to one of the grounds for continuance enumerated in rule 1352.

## III

### Discussion

Section 657 and rule 1351 require that when a minor is detained pending a jurisdictional hearing, the hearing must be set within 15 judicial days of detention. ■ If the jurisdictional hearing is not commenced within 15 days and the 15-day period is not tolled for the minor's failure to appear, the minor is entitled to be released from custody. (*In re Robin M.* (1978) 21 Cal.3d 337, 347 [146 Cal.Rptr. 352, 579 P.2d 1].) If the minor is released, the petition may be reset for hearing within the time prescribed for cases of nondetained minors. (Rule 1351(b); *In re Robin M., supra,* at p. 347.)

If the jurisdictional hearing is not commenced and the minor is not released at the expiration of the 15-day period, the petition must be dismissed, unless the hearing is continued pursuant to rule 1352. (Rule 1351(d).) If the petition is dismissed, a subsequent petition may be filed based upon the same allegations in the original petition, but the minor may not be detained further. (Rule 1351(e).)

Rule 1352, which enumerates the specific grounds for continuance of a jurisdictional hearing, brings together existing statutory provisions of juvenile court law under the Welfare and Institutions Code relating to continu-

ances.[4] Subdivisions (a) through (e) set forth specific grounds for continuance of a jurisdictional hearing beyond the 15-day period in the case of a detained minor: (a) upon request of the minor or minor's counsel for good cause shown; (b) the minor consents to a continuance; (c) a continuance is necessary for appointment of counsel, to enable counsel to become acquainted with the case, or to determine whether the minor's guardian is able to afford counsel; (d) to prepare the case; or (e) unexpected contest.

■ Appellant contends that none of the grounds for continuance listed in rule 1352 were present here. We must agree. The district attorney and appellant's counsel were ready to proceed, and appellant did not consent to a continuance.

Respondent contends that the ground for continuance under rule 1352(a)—request by minor or minor's counsel for a continuance for good cause—was present because the request of counsel for cominor Rodney M. for a continuance was equivalent to a request by the minor's counsel for a continuance. Respondent cites no authority for this contention, and we do not find such contention supportable. ■ ■ In nonjuvenile criminal proceedings, a defendant cannot waive the rights of a codefendant to have a criminal proceeding commence within a period of time specified by statute (see *People* v. *Angelopoulos* (1939) 30 Cal.App.2d 538, 545 [86 P.2d 873]), and we see no basis for a different rule for juveniles.

Respondent apparently urges that, even if none of the grounds for continuance under rule 1352 were present, the trial court had a broad authority to continue the hearing for good cause. Neither rule 1352 nor any provision of juvenile court law under the Welfare and Institutions Code, however, provide for such broad power. Indeed, such broad power would be inconsistent with the designation of specific grounds for continuance of juvenile hearings under the Welfare and Institutions Code, enumerated in rule 1352. ■ The specific enumeration of things as coming within a statute precludes the inclusion by implication of other things. (*Greenup* v. *Rodman* (1985) 184 Cal.App.3d 662, 674 [214 Cal.Rptr. 520]; *People* v. *Mancha* (1974) 39 Cal.App.3d 703, 713 [114 Cal.Rptr. 392].)

■ Accordingly, none of the grounds for continuance under rule 1352 or the Welfare and Institutions Code were present here. The trial court therefore was required either to release appellant and reset the date for the jurisdictional hearing, or proceed with the jurisdictional hearing as to appellant within the 15-day period. Because appellant was not released and the

---

[4]See advisory committee comment to rule 1352, which notes that subdivisions (a) through (f) generally restate the statutory grounds for continuance under sections 682, subdivisions (a) and (b), 700, 701, and 700.5.

jurisdictional hearing was not commenced within the 15-day period, the trial court erred in denying appellant's motion to dismiss the petition. (Rule 1351(d).)[5] We therefore must reverse with directions to dismiss the petition.

## IV

### *Disposition*

The order is reversed with directions to dismiss the petition, without prejudice to the right of the People to file a new petition.

Barry-Deal, J., concurred.

**MERRILL, J.**—I respectfully dissent.

In this case pursuant to Welfare and Institutions Code section 657, the appellant's jurisdictional hearing was set for April 17, 1986, within 15 judicial days from the date of the detention order. Appellant's petition was consolidated for hearing with the action of another minor, Rodney M., who participated in the alleged robbery. At the time set for the hearing on April 17, the attorney for Rodney was in trial on another case and, on a 10-minute recess from that case, he appeared in the instant juvenile proceeding and requested a continuance on behalf of his client. The hearing was continued for two judicial days to April 21 over the objection of the attorney for appellant. The court also denied appellant's motion to be released from detention.

On April 21 appellant's motion to dismiss the petition for failure to commence the jurisdictional hearing within 15 judicial days from the date of the order directing detention was denied and the allegations of the petition were found to be true. A disposition order was made on May 5 committing the appellant to the Log Cabin Ranch School for a period of time not to exceed five years. On appeal the appellant contends that the case must be reversed because the jurisdictional hearing was not held within 15 judicial days from the date of the order directing detention.

I disagree. California Rules of Court, rule 1352, authorized the court to grant the continuance. Rule 1352 provides in part: "Upon request of coun-

---

[5] Although dismissal under rule 1351(d) is not mandated by any statute under juvenile court law, the California Supreme Court has recognized the appropriateness of dismissal under rule 1351 if the time requirements under section 657 are not met. In *In re Robin M., supra,* 21 Cal.3d 337, the court stated that dismissal would be appropriate if the petition against a minor released from custody could not be heard within the time period prescribed for nondetained minors. (*Id.,* at p. 347, fn. 19.)

sel for the minor, or upon request of the minor if not represented by counsel after an intelligent waiver, the court may, for good cause shown, continue the jurisdiction hearing beyond the time limit within which the hearing is otherwise required to be commenced."

A rule of court cannot literally describe every set of facts covered by the rule. We have to look to the intent of the drafter and accord reasonable meaning to the rule. It seems clear that under any reasonable interpretation of the rule it would be applicable to the factual situation in the case at bench. The request for a continuance was by an attorney for a minor in a consolidated action. There is no question but that he showed good cause for the continuance.

It seems illogical to hold that under this situation of a consolidated action that the rule did not authorize the court to grant a brief continuance for two judicial days unless the court were to either order separate hearings and require the victims of this violent attack to testify to the same events twice or release the appellant who the court had already determined should be detained for the protection of the person or property of another. The appellant has the safeguard against any lengthy continuance because good cause is always required.

The case of *In re Robin M.* (1978) 21 Cal.3d 337 [146 Cal.Rptr. 352, 579 P.2d 1], cited by the majority, is readily distinguishable from our case. In that case a hearing was not held within 15 judicial days and the minor was ordered released and then immediately detained for an additional 15 judicial days on a new petition. The Supreme Court said this procedure would frustrate the law. A jurisdictional hearing was not held until 49 calendar days after the first petition was filed. The issue in *In re Robin M., supra,* did not concern the question of granting a continuance.

I would affirm the orders of the trial court.

A petition for a rehearing was denied December 21, 1987.