[No. C050968. Third Dist. May 1, 2006.]

In re KERRY K., a Minor, on Habeas Corpus.

## COUNSEL

Paulino G. Duran, Public Defender, Arthur L. Bowie and Chet Templeton, Assistant Public Defenders, for Petitioner.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves and Daniel Bernstein, Assistant Attorneys General, and Marcia A. Fay, Deputy Attorney General, for Respondent.

## OPINION

**BUTZ, J.**—By petition for writ of habeas corpus, petitioner Kerry K. (the minor) challenges the juvenile court's denial of his request for release from detention following the continuance of his jurisdictional hearing. The minor contends he could not be held beyond the statutory limits specified in Welfare and Institutions Code sections 657 and 682,[1] even if the jurisdictional hearing was continued for good cause. The issue of when the continuance of a jurisdictional hearing over a minor's objection mandates release of that minor has repeatedly come before this court, so we take this opportunity to clarify a minor's rights under these circumstances.

We conclude that the juvenile court erred when it refused to release Kerry K. However, because he was released from custody subsequent to the filing of his writ petition, we deny the petition for writ of habeas corpus.

## PROCEDURAL BACKGROUND

On July 12, 2005, the district attorney filed a petition alleging the minor committed two counts of arson (Pen. Code, § 451, subds. (c), (d)) and one count of being in possession of flammable material with malicious intent (Pen. Code, § 453, subd. (a)). At the detention hearing the following day, the juvenile court ordered the minor detained and set the jurisdictional hearing for August 3, 2005. Thereafter, the district attorney filed an amended petition and a subsequent petition, alleging in total an additional 24 counts of arson and three counts of possession of flammable material with malicious intent. At hearings in July and August, the minor requested or acquiesced to two continuances of the jurisdictional hearing, which ultimately was set for October 5, 2005.

On September 30, the juvenile court granted the district attorney's motion to join another juvenile, Kevin O. (the coparticipant), for the contested jurisdictional hearing. On the same day, the court heard a motion by coparticipant's counsel to continue the jurisdictional hearing. The minor objected to the continuance and argued that, if the court continued the hearing, he was entitled to be released. The court granted the coparticipant's motion to continue and denied the minor's request to be released. The court set the jurisdictional hearing for October 25, 2005.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

The minor's petition for writ of habeas corpus was filed with this court on October 14, 2005.

## DISCUSSION

### I.  Mootness

Subsequent to the filing of this writ petition, the juvenile court granted another continuance of the jurisdictional hearing and released the minor from custody. The Attorney General argues that, because he is no longer in custody, there is no justiciable issue before the court and the case should be dismissed as moot. We disagree.

■  When " 'a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot.' " (*In re Robin M.* (1978) 21 Cal.3d 337, 341, fn. 6 [146 Cal.Rptr. 352, 579 P.2d 1] (*Robin M.*).) Appellate courts have shown a particular willingness to exercise such discretion when an issue is otherwise likely to evade appellate review due to its inherently temporary nature. (See, e.g., *Alfredo A. v. Superior Court* (1994) 6 Cal.4th 1212, 1218–1219 [26 Cal.Rptr.2d 623, 865 P.2d 56] [juvenile not entitled to postarrest probable cause hearing]; *Ballard v. Anderson* (1971) 4 Cal.3d 873, 877 [95 Cal.Rptr. 1, 484 P.2d 1345] [minor's right to therapeutic abortion]; *In re William M.* (1970) 3 Cal.3d 16, 24–25 [89 Cal.Rptr. 33, 473 P.2d 737] [validity of preadjudication detention order].)

The relatively brief life of a prejurisdiction detention order presents such circumstances. Accordingly, we deem it appropriate to address the merits of the minor's writ petition.

### II.  Length of Detention

The minor challenges the juvenile court's authority to further detain him after the jurisdictional hearing was continued over his objection, claiming that his continued detention exceeded the period of time permitted by statute. We agree that he was entitled to be released.

The Welfare and Institutions Code sets forth specific time limits within which a jurisdictional hearing must be held when a minor is charged with criminal offenses. "Absent a waiver of time, a [minor] may not be detained beyond the statutory time limits." (Cal. Rules of Court, rule 1486(a)(1).)[2]

---

[2] Further rule references are to the California Rules of Court.

█ If a minor is detained when the petition is filed, "the petition must be set for hearing within 15 judicial days from the date of the order of the court directing such detention." (§ 657, subd. (a)(1); see rule 1485(b).) When a minor consents to a jurisdictional hearing date beyond the 15-day statutory limit, "the hearing shall commence on the date to which it was continued or within seven days thereafter whenever the court is satisfied that good cause exists . . . ." (§ 682, subd. (e).)

█ Consequently, when a minor has consented to a continuance, the "statutory time limit[]" for detention of the minor, as referred to in rule 1486(a)(1), is seven days after the date to which the hearing has been continued. After such time, the minor "must be released from such detention, whether the jurisdiction hearing is continued or a new petition is filed based on the same transactions." (*Robin M., supra,* 21 Cal.3d at p. 347.)

In the present matter, the jurisdictional hearing was continued at the request of the minor to October 5, 2005. When the coparticipant sought to continue the jurisdictional hearing beyond that date, the minor objected. Over his objection, the court continued the hearing to October 25, 2005, well beyond the seven-day statutory time limit. Accordingly, the juvenile court was required to release the minor.

The Attorney General argues that section 682,[3] subdivision (a), authorizes a minor's continued detention when the jurisdictional hearing is continued for good cause. Section 682, subdivision (a), sets forth the procedural requirements for seeking a continuance beyond "the time limit within which the hearing is otherwise required to be heard" and specifies that such procedures apply "regardless of the custody status of the minor." Based on the language in this subdivision referring to a minor's custody status, the Attorney General contends the juvenile court may continue to detain a minor when it grants a continuance pursuant to section 682.

Section 682 does not expressly address the issue of detention when a juvenile hearing is continued. However, the history of prior revisions to the juvenile court law, as well as the legislative history relating to section 682, suggest a conclusion contrary to that urged by the Attorney General.

"[T]he 'excessive and unwarranted detention' " of minors awaiting hearings was one of the concerns that led to major revisions of the Juvenile Court Law in 1961. (*Robin M., supra,* 21 Cal.3d at p. 342.) As a result of this

---

[3] Section 682 was enacted in 1971. (Stats. 1971, ch. 698, § 3, p. 1356.)

concern, the Legislature adopted statutes providing for maximum time limits within which hearings must be set, including the requirement that a detained minor's jurisdictional hearing be set within 15 judicial days of the detention order. (*Robin M.*, at pp. 343–344.)

The legislative history regarding Assembly Bill No. 2073 (1991–1992 Reg. Sess.)—which included the 1992 amendment to section 682 that added the language relied on by the Attorney General—suggests the Legislature had related concerns in enacting that legislation. (See § 682, as amended by Stats. 1992, ch. 126, § 1, pp. 393–394.) In addition to the language relied on by the Attorney General, Assembly Bill No. 2073 added subdivision (e) of section 682, which, as already discussed, requires that a hearing go forward within seven days of the date to which it was continued. According to a Senate Judiciary report, these provisions were necessary because a comprehensive revision of the procedure for continuing juvenile hearings enacted in 1990 "inadvertently deleted the provision which required cases in which a time waiver was entered to be tried promptly." (Sen. Com. on Judiciary, analysis of Assem. Bill No. 2073 (1991–1992 Reg. Sess.) June 9, 1992, p. 2.) As a result, "if a time waiver [wa]s entered by the minor and the matter [wa]s set beyond the statutory period, there [wa]s no express provision requiring the case to be tried on or after the date to which the case was continued." (*Id.* at pp. 1–2.) As explained in a report by the Assembly Committee on Public Safety, the purpose of Assembly Bill No. 2073 was to "reinstate a limitation on continuances in juvenile cases." (Assem. Com. on Public Safety, analysis of Assem. Bill No. 2073 (1991–1992 Reg. Sess.) Jan. 7, 1992, p. 1.)

█ Thus, far from providing authority for prolonging the detention of minors prior to the jurisdictional hearing, the legislative history concerning the 1992 amendment to section 682 reflects an intent that juvenile hearings proceed without delay, *regardless* of whether a minor is in custody. The alternative proposed by the Attorney General—that a minor may be kept indefinitely in preadjudication detention as long as a continuance has been granted for good cause—contravenes a goal repeatedly espoused by our courts and the Legislature of minimizing the amount of time a minor is detained prior to adjudication.

█ We conclude the minor was entitled to be released once the juvenile court continued the case more than seven days from the date to which the matter had been continued at the minor's request. However, since the minor was released subsequent to the filing of his writ petition, the writ of habeas corpus is denied.

## DISPOSITION

As Kerry K. is no longer subject to the unlawful detention order, the order to show cause is discharged. The writ of habeas corpus is denied.

Morrison, Acting P. J., and Hull, J., concurred.