Filed 3/16/16  In re Michael L. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re MICHAEL L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL L.,<br><br>    Defendant and Appellant. | G050960<br><br>(Super. Ct. No. DL049792)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Dismissed as moot.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kristen A. Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

On July 24, 2014, the Orange County District Attorney filed a petition alleging Michael possessed brass knuckles on March 26, 2014, in violation of Penal Code section 21810. Michael subsequently filed a petition to suppress the evidence on Fourth Amendment grounds pursuant to Welfare and Institutions Code section 700.1. The juvenile trial court denied the petition.

Pursuant to a disposition agreement, Michael admitted the allegations and was declared a ward of the juvenile court. The juvenile court designated the charge a misdemeanor, ordered supervised probation for six months and told Michael that if he complied with probation conditions, the plea would be withdrawn and the case dismissed.

Michael then filed the instant appeal, raising only the legality of the search. On the morning of November 24, 2015, the date of oral argument before this court, we were advised by respondent that the case had been sealed and dismissed by the juvenile court. Later that day, we received a copy of the minute order from the juvenile court, dated October 27, nearly a month earlier, stating Michael's motion to withdraw his plea was granted and all proceedings were terminated. The record was further ordered sealed as to all agencies.

"'A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.] '[A] matter is considered moot if, as a result of changed circumstances, its determination by declaratory relief will no longer significantly affect the legal relations of the parties. [Citation.]' [Citation.] '"[A]n action which originally was based upon a justifiable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. . . ." [Citations.]' [Citation.]" (*Carson Citizens for Reform v. Kawagoe* (2009) 178 Cal.App.4th 357, 364.) Moreover, this case is not a matter of continuing public importance or interest, nor is it likely to recur yet evade review. (*People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1418; *In re Kerry K.* (2006) 139 Cal.App.4th 1, 4.)

2

Respondent argues the case is moot. Michael's only argument is that the record in this matter could be used to deny him deferred entry of judgment in a future juvenile case. Michael, however, turned 18 years old while this appeal was under consideration, and has not advised this court that he has any other matters pending in juvenile court. As he is now 18 years old, he is not eligible for deferred entry of judgment or any other provision of juvenile law. Therefore, this argument holds no weight. Accordingly, the case is moot, and the proper disposition is dismissal. (*Carson Citizens for Reform v. Kawagoe, supra,* 178 Cal.App.4th at p. 364.)

We were dismayed to learn about the case's change of status at such a late date. At oral argument, both counsel were asked if they or their respective offices had a procedure to follow up on the status of a case, especially when it was clear from the record that circumstances in the juvenile court might impact the appeal. Neither did, instead relying on information from the juvenile court or probation department to come to them. Michael's counsel asserted that status information was more difficult to obtain because it was a juvenile case, but apparently never specifically asked trial counsel (or his client or client's parents) what had happened in the juvenile court.

While information may be challenging to come by, that does not excuse counsel from attempting to obtain it. It is the responsibility of the parties to track the status of their cases in the court below, especially where, as here, there was a strong possibility the case might become moot prior to completion of the appeal. Before oral argument, the briefs, record, and relevant law are extensively reviewed by this court. It is a patent waste of increasingly scarce judicial resources to spend time and effort on a moot case. Counsel here failed in this respect, and wasted those resources as a result. We strongly advise both counsel here, and indeed all attorneys in similar situations, to be diligent about such matters in the future.

3

The case is dismissed as moot.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.

4