Filed 8/15/24  P. v. Wallace CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ELLIS WALLACE,<br><br>        Defendant and Appellant. | A167327<br><br><br>(Alameda County<br>Super. Ct. No. 22CR005913) |

Michael Ellis Wallace appeals from an order entered on November 18, 2022, finding him not competent to stand trial under Penal Code section 1367.[1]  While this appeal was pending, defendant was certified competent and criminal proceedings were reinstated.  We hold that, with defendant's restoration of competency and the reinstatement of criminal proceedings, this appeal is moot.  We therefore dismiss this appeal.

### BACKGROUND

On May 19, 2022, defendant, Michael Ellis Wallace, was charged with two counts of second degree robbery in violation of section 211.  On July 12, 2022, defendant's counsel declared doubt as to defendant's mental competency, and the court appointed a licensed psychologist, Vicky Campagna, LMFT, Ph.D., who evaluated defendant pursuant to section

---

[1] All statutory references are to the Penal Code.

1

1368 on October 7, 2022. On November 18, 2022, based on Dr. Campagna's report, the court found defendant incompetent to stand trial. On December 2, 2022, defendant was placed at Napa State Hospital for two years (or until found competent to stand trial). On January 11, 2023, defendant filed a notice of appeal with the Superior Court of California for the County of Alameda, appealing the court's decision finding him incompetent under section 1368. While the instant appeal was pending, the court reinstated criminal proceedings after finding that defendant's competency to stand trial was restored. On June 30, 2023, defendant pleaded no contest to one of the second degree robbery charges. The other second degree robbery charge and prior conviction allegations were dismissed.

## DISCUSSION

The question before this court is whether this appeal is moot considering that while this appeal was pending defendant was certified competent to stand trial and the criminal proceedings were reinstated. Since the underlying commitment order has expired, defendant has already obtained the relief he would have been entitled to had this court reviewed the order while it was still in effect.

The courts have a duty " ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276.) A case turns moot when " ' "it [is] impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' " (*Ibid.*, 1st bracketed insertion added.) However, even if a case is moot, the courts may exercise their " 'inherent discretion' " to reach the merits of the dispute. (*Id.* at p. 282.) In a moot case, the courts may exercise

2

their discretion under three exceptions. (*Ibid.*) According to defendant, the applicable exception in this case is that " 'the case presents an issue of broad public interest that is likely to recur . . . .' " (*Ibid.*)

On appeal, defendant acknowledges his appeal is moot but nonetheless asks this court to address the following two issues: (1) how thorough or complete must an expert's report of defendant's incompetence be if the question of competence is submitted based solely on the expert's report; and (2) how clear must the allegedly incompetent person be in expressing the person is not seeking a finding of incompetence to trigger the requirement under section 1369, subdivision (a)(1) that the court appoint a second expert.

Defendant argues this court should hear the two issues even though the case is moot because they present " 'an issue of broad public interest that is likely to recur . . . .' " (*In re Robin M.* (1978) 21 Cal.3d 337, 341, fn. 6.) We decline to do so because defendant failed to show either of the issues is " 'an issue of broad public interest that is likely to recur . . . .' " (*Ibid.*; see *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1110–1111 [setting forth the standard under which an expert's opinion constitutes substantial evidence of a defendant's incompetency to stand trial]; *People v. Harris* (1993) 14 Cal.App.4th 984, 995–996 [under § 1369, subd. (a)(1), two experts must be appointed when the defendant or defendant's counsel states that defendant is not seeking a finding of incompetence].) Accordingly, we dismiss the appeal as moot.

## DISPOSITION

The appeal is dismissed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A167327/*People v. Michael Ellis Wallace*

4