[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
OPINION
Douglas William Warner commenced a romantic relationship with his next door neighbor while she was engaged in bitter child custody litigation with her husband, who later accused Warner of abusing the couple's child. His arrest at his apartment in front of his friends infuriated him. The court dismissed the charges against him for lack of evidence, but he felt depressed and distraught at losing his chance to have his day in court. Weeks later, he killed her husband with a shotgun blast to the chest.
 After trial by jury, the court imposed an aggregate sentence of 50 years to life (a 25-year-to-life term for first degree murder (§ 187, subd. (a)[1] (consecutive to a 25-year-to-life term for personal and intentional discharge of a firearm proximately causing great bodily injury or death (§ 12022.53, subd. (d)) (subdivision (d)) and imposed and stayed a consecutive four-year (middle) term for personal use of a firearm (§§ 654, 12022.5, subd. (a) (subdivision (a)). On appeal, Warner argues (1) that Judicial Council of California Criminal Jury Instructions (2006) CALCRIM No. 226 impermissibly lightened the prosecution's burden of proof and (2) that the court should have stricken, not imposed and stayed, the lesser firearm use enhancement. We will strike the enhancement but otherwise will affirm the judgment. *Page 60 
 DISCUSSION 1. CALCRIM No. 226
 Warner argues that the last paragraph of CALCRIM No. 226 impermissibly lightens the prosecution's burden of proof not only by using the word "should" (as opposed to the "relatively more neutral" word "may" in CALJIC No. 2.21.2) so as to create a pernicious permissive inference but also by short circuiting the jury's process of contrasting and comparing the evidence with the word "ignore" so as to allow "an early discard of some portions of the evidence." The Attorney General argues the contrary.
 Both words that Warner challenges appear in the last paragraph of CALCRIM No. 226 (Witnesses). Modified to delete paragraphs irrelevant to the evidence, the court gave the instruction as follows:
 "You alone must judge the credibility or believability of the witnesses. In deciding whether testimony is true and accurate, use your common sense and experience. The testimony of each witness must be judged by the same standard. You must set aside any bias or prejudice you may have, including any based on the witness's gender, race, religion, or national origin. You may believe all, part, or none of any witness's testimony. Consider the testimony of each witness and decide how much of it you believe.
 "In evaluating a witness's testimony, you may consider anything that reasonably tends to prove or disprove the truth or accuracy of that testimony. Among the factors that you may consider are:
 "How well could the witness see, hear, or otherwise perceive the things about which the witness testified?
 "How well was the witness able to remember and describe what happened?
 "What was the witness's behavior while testifying?
 "Did the witness understand the questions and answer them directly?
 "Was the witness's testimony influenced by a factor such as bias or prejudice, a personal relationship with someone involved in the case, or a personal interest in how the case is decided?
 "What was the witness's attitude about the case or about testifying? *Page 61 
 "Did the witness make a statement in the past that is consistent or inconsistent with his or her testimony?
 "How reasonable is the testimony when you consider all the other evidence in the case?
 "Did other evidence prove or disprove any fact about which the witness testified?
 "Do not automatically reject testimony just because of inconsistencies or conflicts. Consider whether the differences are important or not. People sometimes honestly forget things or make mistakes about what they remember. Also, two people may witness the same event yet see or hear it differently.
 "If you do not believe a witness's testimony that he or she no longer remembers something, that testimony is inconsistent with the witness's earlier statement on that subject.
 "If you decide that a witness deliberately lied about something significant in this case, you should consider not believing anything that witness says. Or, if you think the witness lied about some things, but told the truth about others, you may simply accept the part that you think is true and ignore the rest." (Italics added.)
 Warner argues that the words "should" and "ignore" in the last paragraph of CALCRIM No. 226 "invited the jury here even more forcefully than does CALJIC No. 2.21.2 [(Witness Willfully False)] to reject all of [his] testimony": "A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars." (CALJIC No. 2.21.2, italics added.)
 Warner candidly acknowledges the California Supreme Court's consistent rejection of similar challenges to the analogous CALJIC witness instruction, CALJIC No. 2.21.2. (See, e.g., People v. Beardslee (1991)53 Cal.3d 68, 94 [279 Cal.Rptr. 276, 806 P.2d 1311]; People v. Lang
(1989) 49 Cal.3d 991, 1023-1024 [264 Cal.Rptr. 386, 782 P.2d 627].) Nonetheless, he contends that CALCRIM No. 226 encourages the jury, even more than CALJIC No. 2.21.2 does, to reject a defendant's entire testimony and that on the record here of "clear conflict in the evidence as to [his] state of mind" and of his credibility as "the essential component of the defense case" CALCRIM No. 226 impermissibly lightens the prosecution's burden of proof. *Page 62 
 Warner aptly characterizes the record. In his own defense, he testified that he could recall only some of the events of the fatal day but remembered firing three shots into the floor in front of his next door neighbor's husband, who arrogantly responded, "You know you could have done it." At that moment, he testified, "Everything just exploded." He remembered pulling the trigger, driving to the police station, and turning himself in. A defense psychiatrist diagnosed him as suffering from posttraumatic stress disorder, which can cause a dissociative depressive state characterized by significant memory loss and interference with the ability to make rational judgments.
 Nonetheless, our comparison of CALCRIM No. 226 and CALJIC No. 2.21.2 persuades us that both are facially neutral instructions that apply to all witnesses who testify at trial and that focus no more on the defendant's testimony than on that of any other witness. (See People v., Allison
(1989) 48 Cal.3d 879, 895 [258 Cal.Rptr. 208, 771 P.2d 1294].) CALCRIM No. 226 states that the jury "should consider not believing" — not that the jury should not believe — anything in the testimony of a witness who lied about something significant. (CALCRIM No. 226, italics added.) The authorization in CALJIC No. 2.21.2 that the jury "may reject the wholetestimony of a witness who willfully has testified falsely as to a material point" is analogous. (CALJIC No. 2.21.2, italics added.) So is the part of CALCRIM No. 226 informing the jury that "if you think the witness lied about some things, but told the truth about others, you may simply accept the part that you think is true and ignore the rest." (CALCRIM No. 226, italics added.)
 Since Warner fails to persuade us that semantic differences between CALCRIM No. 226 and CALJIC No. 2.21.2 are even material, let alone prejudicial, we reject his challenge to the former by deferring to a long line of California Supreme Court cases rebuffing analogous challenges to the latter. (See, e.g., People v. Carey (2007) 41 Cal.4th 109, 130-131 [59 Cal.Rptr.3d 172, 158 P.3d 743]; People v. Maury (2003) 30 Cal.4th 342,428-429 [133 Cal.Rptr.2d 561, 68 P.3d 1]; People v. Millwee (1999)18 Cal.4th 96, 158-161 [74 Cal.Rptr.2d 418, 954 P.2d 990].)
 2. Personal Firearm Use Enhancement
 Warner argues that the court should have stricken, not imposed and stayed, the subdivision (a) enhancement. The Attorney General argues the contrary.
 Warner's primary authorities are section 12022.53, subdivision (f) (subdivision (f)) and People v. Bracamonte (2003) 106 Cal.App.4th 704
[131 Cal.Rptr.2d 334] (Bracamonte). Subdivision (f) provides in pertinent part: "Only one additional term of imprisonment under this section shall be imposed per person for each crime. If more than one enhancement per person *Page 63 
is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment. An enhancement involving a firearm specified in Section 12022.5 shall not be imposed on a person in addition to an enhancement imposed pursuant to this section."
 Adjudicating a question of first impression, Bracamonte held that subdivision (f) mandates the striking of the subdivision (a) enhancement where, as here, the jury finds true, and the court imposes, the subdivision (d) enhancement. (Bracamonte, supra,106 Cal.App.4th at pp. 709-713.) The holding in Bracamonte is a specific articulation of the general rule that, unless a statute provides to the contrary, the court has the discretion to impose an enhancement or to strike an enhancement but not to stay imposition of sentence on an enhancement. (People v. Harvey (1991) 233 Cal.App.3d 1206, 1230 [285 Cal.Rptr. 158].)
 The Attorney General argues that since subdivision (f) conflicts with California Rules of Court, former rule 4.447 (rule 4.447) "the proper course was indeed to impose, but stay execution of, the sentence on the lesser enhancement" by following the rule of court and ignoring the statute. Rule 4.447 provided: "No finding of an enhancement shall be stricken or dismissed because imposition of the term is either prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge shall impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and shall thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed."[2]
 Contrary to the Attorney General's argument, rules of court promulgated by the Judicial Council may not conflict with statutes, so if a statute and a rule of court are inconsistent the statute governs. (Hessv. Ford Motor Co. (2002) 27 Cal.4th 516, 532 [117 Cal.Rptr.2d 220, 41 P.3d 46], citing People v. Hall (1994) 8 Cal.4th 950, 960 [35 Cal.Rptr.2d 432, 883 P.2d 974]; In re Robin M. (1978) 21 Cal.3d 337,346 [146 Cal.Rptr. 352, 579 P.2d 1].) (5) Our duty is to follow, not to overrule, the opinions of the California Supreme Court. (People v. Birks
(1998) 19 Cal.4th 108, 116, fn. 6 [77 Cal.Rptr.2d 848, 960 P.2d 1073], citing Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455
[20 Cal.Rptr. 321, 369 P.2d 937].) We decline the Attorney General's invitation to do the contrary.[3] *Page 64 
 DISPOSITION The section 12022.5, subdivision (a) firearm use enhancement is stricken from the judgment. The matter is remanded with directions to the sentencing court to issue and to send to each appropriate person a certified copy of an amended abstract of judgment. (People v. Mitchell
(2001) 26 Cal.4th 181, 187-188 [109 Cal.Rptr.2d 303, 26 P.3d 1040].) Warner has no right to be present at that proceeding. (See People v.Price (1991) 1 Cal.4th 324, 407-408 [3 Cal.Rptr.2d 106, 821 P.2d 610].) Otherwise the judgment is affirmed.
 Vartabedian, Acting P. J., and Levy, J., concurred.
[1] All statutory references are to the Penal Code.
[2]Quoted is the version of the rule in effect at the time (until Jan. 1, 2007).
[3]The issue whether, after true findings on personal firearm use allegations under subdivision (a) and subdivision (d) and after imposition of the enhancement with the longest term of imprisonment, the sentencing court should strike, stay, or simply not impose the lesser enhancement is pending before the California Supreme Court. (People v.Gonzalez, review granted Mar. 14, 2007, S149898.) *Page 65