Filed 5/21/13  P. v. Abel-Bey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ARONDREI ABEL-BEY,<br><br>　　　Defendant and Appellant. | C071096<br><br>(Super. Ct. No. 11F00545) |

After his life spiraled downhill from methamphetamine addiction, defendant Arondrei Abel-Bey killed his grandfather in a confrontation that ensued following the announcement by defendant's wife that she was going to leave defendant.  A jury found defendant guilty of first degree murder by personally using two deadly weapons, and the trial court sentenced him to 25 years to life in prison plus an additional one year for the weapon enhancements.

Defendant appeals, raising one instructional error and one abstract of judgment error.  We order the abstract modified and affirm.

DISCUSSION

I

*The Court Did Not Err In Instructing Pursuant To*

*CALCRIM No. 226 Regarding The Credibility Of Witnesses*

Defendant contends the trial court erred by instructing the jury with the following language from CALCRIM No. 226: "If you decide that a witness deliberately lied about something significant in this case, you should consider not believing anything that witness says, or if you think the witness lied about some things, but told the truth about others, you may . . . simply accept that part that you think is true, and ignore the rest."

Defendant argues this instruction should not be given in a case like this one where the defendant testifies. He reasons that because "[a] criminal defendant always in theory has a motive to lie . . . the defendant consistently was the one witness to which the jury was likely to apply this instruction." He acknowledges that our Supreme Court rejected similar arguments against the predecessor instruction, CALJIC No. 2.21.2, but argues that CALCRIM No. 226 "encourages, more strongly than does CALJIC No. 2.21.2, a jury to reject the entire testimony of the defendant if it finds a material falsehood somewhere in his testimony."[1]

Defendant also acknowledges that his contention and arguments were rejected in *People v. Warner* (2008) 166 Cal.App.4th 653. The *Warner* court concluded that CALCRIM No. 226 and CALJIC No. 2.21.2 are both "facially neutral instructions that apply to all witnesses who testify at trial and that focus no more on the defendant's testimony than on that of any other witness." (*Warner*, at p. 658.) Moreover, since the

---

[1] CALJIC No. 2.21.2 states: "A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars."

"semantic differences between CALCRIM No. 226 and CALJIC No. 2.21.2 are [not] even material, let alone prejudicial," the *Warner* court "reject[ed the defendant's] challenge to the former by deferring to a long line of California Supreme Court cases rebuffing analogous challenges to the latter." (*Warner*, at p. 659.) *Warner's* analysis is persuasive and dispositive of defendant's contention and arguments against the use of CALCRIM No. 226 here.

## II

### *The Abstract Of Judgment Must Be Modified*

Defendant contends and the People concede the abstract of judgment must be modified to uncheck box 5 that states defendant received a sentence of life with the possibility of parole. We agree, because the court sentenced defendant to 25 years to life in prison plus an additional one year.

### DISPOSITION

The judgment is affirmed. The trial court shall modify the abstract of judgment to uncheck box 5 and to forward a copy of the modified abstract of judgment to the Department of Corrections and Rehabilitation.


                                        ROBIE        , J.


We concur:



      HULL      , Acting P. J.



      DUARTE      , J.


3