Filed 6/5/13  P. v. Callies CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071609 |
| v. | (Super. Ct. No. 11F05733) |
| JUDGE CALLIES, | |
| Defendant and Appellant. | |

A jury convicted defendant Judge Callies of robbery and kidnapping to commit robbery.  Defendant now contends (1) the trial court erred in instructing the jury with the last bracketed paragraph in CALCRIM No. 226 [witnesses], and (2) the abstract of judgment must be corrected to reflect a sentence of life with the possibility of parole, rather than seven years to life in prison.

We conclude there was no instructional error and the abstract of judgment correctly reflects the sentence imposed by the trial court.

1

We will affirm the judgment.

## BACKGROUND

Eric Scott drove into a parking space at a taco stand and bumped another car. Defendant and another man claimed the car was theirs and asked Scott to pay for the damage. Scott gave defendant $20 or $30, but defendant said that was not enough money. Defendant offered to go with Scott to a bank to get more money. Scott construed the "offer" as a demand. Defendant had his hand in his pocket and Scott thought defendant might have a gun. Fearing for his safety, Scott drove with defendant to an ATM, withdrew $160, and gave it to defendant.

Defendant suggested Scott's car stereo could be used to make up the balance on the money "owed" for car repairs. Scott disagreed, but defendant instructed him to drive to an apartment complex. Scott realized a car was following them and became more worried he would be hurt.

At the apartment complex, defendant started taking the dashboard apart to remove the car stereo. He obtained metal cutters from his friend, Jibri Stepter, and continued trying to remove the stereo. Stepter took Scott's wallet and left. Defendant told Scott to hand over his car keys; he also took Scott's cell phone. Defendant then drove Scott around asking strangers for a screwdriver that he could use to remove the car stereo. When one man offered them a butter knife, defendant rejected the offer by pointing his gun at the man. Eventually, defendant removed the stereo from Scott's car and returned the car to Scott. Scott returned to the taco stand, borrowed a cell phone and called the police.

Defendant testified he thought Scott looked like an "easy target." The car Scott hit did not belong to either defendant or his friend, but when defendant saw the collision he decided to con Scott out of money. He told Scott the damage could be covered by $100 to $200 and when Scott informed defendant he only had $30 on him, defendant offered to go with him to an ATM. Scott came back from the ATM with $160 and defendant tried

2

to convince him to include the car stereo in the deal. According to defendant, Scott agreed and they went to an apartment complex. Stepter followed them from the taco stand. Stepter gave defendant pruning shears and defendant used them to remove the car stereo. He then told Scott how to get back to the taco stand. Defendant denied having a gun and denied ever driving Scott's car. Defendant acknowledged Stepter took Scott's cell phone and perhaps his wallet, but he did not see Stepter with a gun.

Defendant admitted he was a liar and a thief. He testified at trial that most of his prior denials were lies, but he said he was telling the truth at trial.

A jury found defendant guilty of kidnapping to commit robbery (Pen. Code, § 209, subd. (b)(1) -- count one)[1] and robbery (§ 211 -- count two). The trial court sentenced defendant to seven years to life in prison on count one, stayed sentence on count two pursuant to section 654, awarded 356 days of presentence custody credit and ordered defendant to pay various fines and fees.

DISCUSSION

I

Defendant contends the trial court erred in instructing the jury with the last bracketed paragraph in CALCRIM No. 226. That paragraph states: "If you decide that a witness deliberately lied about something significant in this case, you should consider not believing anything that witness says. Or, if you think the witness lied about some things, but told the truth about others, you may simply accept the part that you think is true and ignore the rest."

The attorneys and the trial judge reviewed the jury instructions before the trial judge instructed the jury. Defendant's trial counsel expressly agreed it was appropriate to instruct the jury pursuant to CALCRIM No. 226 as given. Based on that agreement, the

---

[1] Undesignated statutory references are to the Penal Code.

3

Attorney General now argues defendant's appellate challenge should be rejected as invited error. Defendant counters that the invited error doctrine does not bar our review because defendant's trial counsel did not state a " 'conscious, deliberate, or tactical reason' " for agreeing to the instruction. (Quoting *People v. Collins* (1992) 10 Cal.App.4th 690, 694-695.)

Under the invited error doctrine, a defendant may not challenge a jury instruction given by the trial court if defendant's trial counsel made a deliberate and conscious tactical choice to request or acquiesce in the instruction. (*People v. Thornton* (2007) 41 Cal.4th 391, 436; *People v. Catlin* (2001) 26 Cal.4th 81, 150; *People v. Collins, supra,* 10 Cal.App.4th at pp. 694-695.) The deliberate tactical purpose need not be expressly articulated as such; it can be shown by the actions and argument of trial counsel taken as a whole. (*People v. Avalos* (1984) 37 Cal.3d 216, 229; see also *People v. Marshall* (1990) 50 Cal.3d 907, 931-932.)

In closing argument, defendant's trial counsel challenged Scott's credibility and pointed out the inconsistencies in Scott's pretrial statements and testimony. Trial counsel urged the jurors to consider the various factors listed in CALCRIM No. 226 in deciding who and what to believe. The record demonstrates that trial counsel's agreement to instruct the jury with CALCRIM No. 226, including the bracketed last paragraph, was a deliberate tactical choice, not "mere unconsidered acquiescence." (*People v. Avalos, supra*, 37 Cal.3d at p. 229.) Accordingly, the invited error doctrine applies and defendant cannot challenge the instruction on appeal.

In any event, the trial court did not err in giving the instruction. With unusual candor, defendant testified he is a liar, he lies to get what he wants, he would probably lie to get himself out of trouble, and he would lie to minimize his own criminal conduct. That testimony supported giving the bracketed instruction.

Defendant argues the challenged paragraph directed the jurors that they "should" disbelieve him. But that is not true. The instruction merely directed the jurors to

"consider" not believing a witness if they find the witness deliberately lied. (*People v. Warner* (2008) 166 Cal.App.4th 653, 658 (*Warner*).)

Defendant claims the challenged paragraph necessarily impaired the jury's credibility-determining function in a case where the defense depended substantially on defendant's testimony, adding that the paragraph should not be given when a defendant testifies because a criminal defendant "always in theory has a motive to lie." However, the California Supreme Court rejected challenges to similar instructions. (*People v. Carey* (2007) 41 Cal.4th 109, 130-131 [CALJIC No. 2.21.2 does not lower burden of proof]; *People v. Maury* (2003) 30 Cal.4th 342, 428-429 [CALJIC No. 2.21.2 does not create "probability of truth" standard]; *People v. Beardslee* (1991) 53 Cal.3d 68, 94-95 [CALJIC No. 2.21 is correct statement of law and does not require jury to reject any testimony]; *People v. Lang* (1989) 49 Cal.3d 991, 1023-1024 [CALJIC No. 2.21 properly given].)

Defendant argues CALCRIM No. 226 is different from CALJIC No. 2.21.2 because CALCRIM No. 226 more strongly encourages a jury to reject defendant's entire testimony if it finds a material falsehood somewhere in his testimony. But in *Warner, supra,* 166 Cal.App.4th at page 658, the Court of Appeal compared the language of the two instructions and concluded they are both facially neutral. The court added that the instructions "apply to all witnesses who testify at trial" and "focus no more on the defendant's testimony than on that of any other witness." (*Ibid*.) We find the analysis in *Warner* persuasive and choose to follow it. Accordingly, defendant has not established instructional error.

## II

Defendant next contends the abstract of judgment must be corrected to reflect a sentence of life with the possibility of parole, rather than seven years to life in prison.

In sentencing defendant on count one, the trial court said "the defendant shall be committed to State Prison for the indeterminate term of life with the minimum eligible

5

parole of seven years." The abstract of judgment states: "Defendant was sentenced to State Prison for an INDETERMINATE TERM as follows: [¶] . . . [¶] 6.c. 7 years to Life on counts 1."

The abstract accurately reflects the orally pronounced sentence. Nonetheless, to support his claim that the "abstract" should be "corrected," defendant argues that minimum parole eligibility is the province of the California Department of Corrections and Rehabilitation and should not have been a component of the sentence imposed by the trial court. But that is not a basis to "correct" the abstract of judgment. There is no clerical error in the abstract requiring correction.

To the extent defendant may be challenging the sentence itself, he does not cite authority holding that the sentence imposed was an unauthorized sentence (*People v. Stanley* (1995) 10 Cal.4th 764, 793), and he does not claim or establish prejudice.

His contention lacks merit.

DISPOSITION

The judgment is affirmed.

                                                              MAURO             , J.

We concur:

                 RAYE           , P. J.

                 HULL           , J.