Filed 10/16/13  P. v. Rodarte CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B241985 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA359923) |
| v. | |
| RAUL REBELEZ RODARTE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne H. Egerton, Judge.  Affirmed in part, modified in part with directions.

Jeralyn Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury convicted defendant, Raul Rebelez Rodarte, of first degree murder (Pen. Code, § 187, subd. (a))[1] and attempted premeditated murder (§§ 664, 187, subd. (a)). The jury further found as to each offense the gang and firearm use allegations were true. (§§ 186.22, subd. (b)(1)(C); 12022.53, subds. (b)-(d).) We modify the judgment and affirm it as modified.

# II. THE EVIDENCE

Defendant was an active gang member. He armed himself with a loaded semi-automatic pistol and drove to the heart of a rival gang's territory. Defendant stopped his car in the middle of the street and got out. In broad daylight, defendant fired his weapon multiple times at a group of men congregated in front of a residence. Defendant got back into his car and drove away. Vincent Casson was shot in the leg but survived. Jesse McWayne was shot in the back and died. Two eyewitnesses to the shooting—Mr. Casson and Candace Benton—identified defendant as the gunman. At the hospital following the shooting, Mr. Casson positively identified defendant as the gunman. At trial, Mr. Casson testified there was "a possibility" defendant was the man who fired the shots. Ms. Benton is Mr. Casson's godmother and Mr. McWayne's aunt. Ms. Benton saw the shooter's face and was "very sure" defendant was the gunman. A third witness, Julio De Los Santos Gonzalez, identified defendant as the man who fled the scene. Bullet casings found in defendant's car matched those recovered from the shooting scene. At least one of defendant's two victims was a rival gang member. The 2 gangs had been at war for at least 13 years. During those years, there had been 25 to 30 homicides between the 2 gangs.

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

# III.  DISCUSSION

## A.  Motion To Bifurcate Trial Of The Gang Enhancement Allegation

Defendant contends the trial court violated his fair trial rights when it denied his motion to bifurcate trial of the section 186.22, subdivision (b)(1)(C) gang enhancement allegation.  We review the trial court's ruling for an abuse of discretion.  (*People v. Hernandez* (2004) 33 Cal.4th 1040, 1044, 1048, 1050-1051; *People v. Rodriguez* (2011) 193 Cal.App.4th 360, 363; cf. *People v. Calderon* (1994) 9 Cal.4th 69, 72, 77-78 [prior conviction enhancement allegation].)  We consider the record that was before the trial court when it ruled on defendant's bifurcation motion.  (Cf. *People v. Catlin* (2001) 26 Cal.4th 81, 110-111; *People v. Hardy* (1992) 2 Cal.4th 86, 167; *People v. Price* (1991) 1 Cal.4th 324, 388.)  The burden is on the party seeking bifurcation to clearly establish a substantial danger of prejudice absent bifurcation.  (*People v. Hernandez, supra,* 33 Cal.4th at p. 1050; cf. *People v. Cummings* (1993) 4 Cal.4th 1233, 1283; *People v. Bean* (1988) 46 Cal.3d 919, 938-939.)  However, even if the trial court's ruling was correct at the time it was made, reversal is required if the failure to bifurcate resulted in a due process denial.  (Cf. *People v. Mendoza* (2000) 24 Cal.4th 130, 162 [consolidation of charges]; *People v. Arias* (1996) 13 Cal.4th 92, 127 [discretion to sever counts]; *People v. Burch* (2007) 148 Cal.App.4th 862, 867.)  We find no abuse of discretion nor due process violation.

A gang enhancement is attached to the charged offense and typically inextricably intertwined with it.  Hence, there is less need for bifurcation than exists in the case, for example, of a prior conviction allegation, which may be factually unconnected to the charged offense.  (*People v. Hernandez, supra,* 33 Cal.4th at p. 1048; see *People v. Romero* (2008) 44 Cal.4th 386, 412, fn. 2.)  Moreover, evidence a defendant is affiliated with a gang often is relevant and admissible to prove identity, motive, modus operandi, specific intent and other issues.  (*People v. Hernandez, supra,* 33 Cal.4th at p. 1049; *People v. Arauz* (2012) 210 Cal.App.4th 1394, 1403; *People v. Gonzalez* (2012) 210

Cal.App.4th 724, 737.) Bifurcation is unnecessary, and any inference of prejudice is dispelled, when the gang enhancement evidence is admissible in a guilt trial. (*People v. Hernandez, supra,* 33 Cal.4th at pp. 1049-1050; see *People v. Lee* (2011) 51 Cal.4th 620, 644.) And even if some of the evidence in support of a gang enhancement would be inadmissible, a trial court may still deny bifurcation. (*People v. Hernandez, supra,* 33 Cal.4th at p. 1050; cf. *Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1221.)

As our Supreme Court explained in *Hernandez*: "Even if some of the evidence offered to prove the gang enhancement would be inadmissible at a trial of the substantive crime itself—for example, if some of it might be excluded under Evidence Code section 352 as unduly prejudicial when no gang enhancement is charged—a court may still deny bifurcation. In the context of severing charged offenses, we have explained that 'additional factors favor joinder. Trial of the counts together ordinarily avoids the increased expenditure of funds and judicial resources which may result if the charges were to be tried in two or more separate trials.' (*Frank v. Superior Court* (1989) 48 Cal.3d 632, 639.)" (*People v. Hernandez, supra,* 33 Cal.4th at p. 1050.) By contrast, bifurcation is appropriate when the gang evidence is minimally probative and so inflammatory it threatens to sway the jury to convict without regard to actual guilt. (*People v. Hernandez, supra,* 33 Cal.4th at p. 1051; see *People v. Albarran* (2007) 149 Cal.App.4th 214, 227-228; *People v. Burnell* (2005) 132 Cal.App.4th 938, 948.)

Here, the trial court, without abusing its discretion, could find the gang evidence was relevant to the charged offenses. When the trial court ruled on defendant's bifurcation motion, there was substantial evidence gang warfare was the motive for the shootings. Officer Richard Garcia testified at the preliminary hearing that the crimes were committed for the benefit of defendant's gang. Officer Garcia's opinion rested on the following facts. There was an ongoing conflict between defendant's gang and the rival gang. The victims were rival gang members. And in response to a hypothetical question tracking the facts of this case, Officer Garcia noted the crimes were committed in broad daylight in the heart of the rival gang's territory. Hence the preliminary hearing evidence established gang conflict as a motive for the shooting.

4

Moreover, no evidence was ever presented at trial of a motive for the shooting other than gang rivalry. Further, the gang evidence presented at trial was not unduly inflammatory. Both defendant and at least one of his victims had gang tattoos. That two of defendant's fellow gang members had been convicted of murder would not have been admissible on the question of guilt. But the trial court could find that evidence was not particularly inflammatory in the context of the present crimes. And it was presented at trial in summary fashion. In addition, the jury was instructed to limit its consideration of that evidence to its determination of the gang enhancement allegation. The jury is presumed to have followed that instruction. (*People v. Coffman* (2004) 34 Cal.4th 1, 73; *People v. Sanchez* (2001) 26 Cal.4th 834, 852.) There was no substantial risk the jury would punish defendant for crimes committed by other gang members. Defendant did not meet his burden to clearly establish a substantial risk of prejudice existed. We find no abuse of discretion. (See *People v. Hernandez, supra,* 33 Cal.4th at pp. 1050-1051; *People v. Gonzalez, supra,* 210 Cal.App.4th at pp. 737-738; *People v. Martin* (1994) 23 Cal.App.4th 76, 80-82.)

And because the trial court did not abuse its discretion in denying bifurcation, defendant's due process, fair trial and confrontation claims, raised for the first time on appeal, also fail. (*People v. McKinnon* (2011) 52 Cal.4th 610, 656, fn. 28; *People v. Garcia* (2011) 52 Cal.4th 706, 755.) Further, contrary to defendant's assertions, the prosecution's motive theory did not impinge upon his First Amendment rights or amount to guilt by association. (Compare, *People v. Memory* (2010) 182 Cal.App.4th 835, 859; *People v. Munoz* (1984) 157 Cal.App.3d 999, 1027; *People v. Perez* (1981) 114 Cal.App.3d 470, 477.) The jury was properly instructed that evidence of gang activity could be considered only for limited purposes, including that, "The defendant had a motive to commit the crimes charged."

B.  Sufficiency Of The Evidence: Committed For The Benefit Of A Criminal Street Gang

Defendant argues there was no substantial evidence the murder and attempted murder were committed for the benefit of a criminal street gang.  Our Supreme Court has held:  "In considering a challenge to the sufficiency of the evidence to support an enhancement, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  (*People v. Wilson* (2008) 44 Cal.4th 758, 806.)  We presume every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence.  (*Ibid.*)  If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.  (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)  'A reviewing court neither reweighs evidence nor reevaluates a witness's credibility.'  (*Ibid.*)"  (*People v. Albillar* (2010) 51 Cal.4th 47, 59-60; accord, *People v. Powell* (2011) 194 Cal.App.4th 1268, 1287.)  With respect to the "to benefit a criminal street gang" element of the gang enhancement, our Supreme Court has explained:  "[T]he Legislature included the requirement that the crime to be enhanced be committed for the benefit of, at the direction of, or in association with a criminal street gang to make it 'clear that a criminal offense is subject to increased punishment under the [Street Terrorism Enforcement and Prevention (STEP) ] Act only if the crime is "gang related."'  (*People v. Gardeley* (1996) 14 Cal.4th 605, 622.)  Not every crime committed by gang members is related to a gang."  (*People v. Albillar, supra,* 51 Cal.4th at pp. 59–60; accord, *People v. Galvez* (2011) 195 Cal.App.4th 1253, 1260.)

Here, there was substantial evidence defendant committed the present offenses for the benefit of a criminal street gang.  As noted above, defendant, an active gang member, armed himself with a loaded semi-automatic pistol.  He drove to the heart of a rival gang's territory.  Defendant stopped his car in the middle of the street and got out.  In broad daylight, defendant fired his weapon multiple times at a group of men congregated

in front of a residence.  Defendant got back into his car and drove away.  Two eyewitnesses identified defendant as the man who fired the shots.  At least one of defendant's two victims was a member of the rival gang.  The 2 gangs had been in conflict for at least 13 years.  During those years, there had been 25 to 30 homicides between the 2 gangs.  Based on a hypothetical question tracking the facts of this case, Detective Julio Benavides testified the crimes were committed for the benefit of a criminal street gang.  Detective Benavides described the benefit:  "The benefit would be a proud active member of the . . . gang driving down into that specific location, at 54th and Long Beach, which is the heart of the [rival] gang, and committing a shooting, which turned out to be a homicide, which directly benefits [the] gang by showing what they . . . perceive as their courage or their lack of fear by going into a rival neighborhood and killing one of their enemies.  [¶]  Just based on what's occurred in that area over the last ten, 12 years, there's been about 25, 30 homicides between both gangs, and by going to the extent of personally driving down there in broad daylight and shooting, killing one of them, directly benefits the gang and the person that's committing the homicide."  The foregoing was substantial evidence the charged crimes were committed to benefit defendant's gang.  (*People v. Vang* (2011) 52 Cal.4th 1038, 1044-1052; *People v. Albillar, supra,* 51 Cal.4th at p. 63; *People v. Gardeley, supra,* 14 Cal.4th at p. 619; *People v. Mendez* (2010) 188 Cal.App.4th 47, 56-58.)

C.  Sentencing

1.  Section 12022.53

The trial court imposed a consecutive 25 year-to-life sentence for each offense pursuant to section 12022.53, subdivision (d).  The trial court also should have imposed and then stayed consecutive 10 and 20 year terms under section 12022.53, subdivisions (b) and (c) respectively.  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1130; *People v. Warner* (2008) 166 Cal.App.4th 653, 659.)  The judgment must be modified and the

7

abstract of judgment amended to so provide.  (See *People v. Wynn* (2010) 184 Cal.App.4th 1210, 1222; *People v. Rodriguez* (2000) 80 Cal.App.4th 372, 379.)

## 2.  Government Code Section 70373, Subdivision (a)(1)

The trial court failed to orally impose a $30 court facilities assessment as to each count under Government Code section 70373, subdivision (a)(1).  The oral pronouncement of judgment must be modified to so provide.  (See *People v. Robinson* (2012) 209 Cal.App.4th 401, 407; *People v. Smith* (2011) 198 Cal.App.4th 415, 440-441.)  The abstract of judgment reflects $60 in court facilities assessments and need not be modified.

## 3.  Custody Credit

Defendant received credit for 896 days in presentence custody.  The abstract of judgment, however, credits defendant with 897 days.  The abstract of judgment must be amended to reflect 896 days of presentence custody credit.  (See *People v. Jones* (2012) 54 Cal.4th 1, 89; *People v. Mitchell* (2001) 26 Cal.4th 181, 185-188.)

## IV.  DISPOSITION

The judgment is modified to impose and stay consecutive 10 and 20 year terms under section 12022.53, subdivisions (b) and (c) respectively.  The oral pronouncement of judgment is further modified to impose a $30 court facilities assessment as to each count under Government Code section 70373, subdivision (a)(1).  Upon remittitur issuance, the superior court clerk must amend the abstract of judgment to reflect the judgment as modified and 896 days of presentence custody credit instead of 897.  The amended abstract of judgment is to be served on the Department of Corrections and Rehabilitation.

8

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

MOSK, J.

KRIEGLER, J.