Filed 3/6/23  P. v. Jones-Carnes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095850 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE000142) |
| v. | |
| DAVONNTAY ORYAN JONES-CARNES, | |
| Defendant and Appellant. | |

A jury found defendant Davonntay Oryan Jones-Carnes guilty of attempted murder and found true various gun enhancements.  It also found defendant guilty of assault with a semiautomatic firearm and found true a great bodily injury enhancement and a personal use of a firearm enhancement.  Finally, the jury found defendant guilty of concealed possession of a firearm and driving a vehicle valued at more than $950 without consent of the owner.  The trial court sentenced defendant to seven years to life for the attempted murder conviction, plus 10 years for the associated gun enhancements; it

1

sentenced him to two years eight months for the remaining convictions carrying unstayed sentences. The trial court did not impose a sentence for the assault with a semiautomatic firearm conviction and associated enhancements. Defendant appeals, challenging the imposition of a sentence under the gun enhancements and requesting the abstract of judgment be corrected. The matter is remanded for resentencing and the judgment is otherwise affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2018, defendant shot Anthony D. in a grocery store parking lot. The altercation started when defendant dropped some coins on the ground in the store and a group of Anthony's friends laughed at defendant. Upon leaving the store, defendant got in his car and drove to Anthony's group, which was standing near Anthony's friend's car. Defendant got out of his car and fired six rounds from his gun at the group, two of which hit Anthony. One of these bullets left Anthony paralyzed from the waist down. Later, it was discovered that the car defendant was driving had been stolen and the gun defendant used had also been stolen.

Defendant was charged with attempted murder with alleged gun enhancements under Penal Code[1] sections 12022.5, subdivision (a) and 12022.53, subdivisions (b), (c), and (d); assault with a semiautomatic firearm with alleged great bodily injury and personal use of a firearm enhancements; concealed possession of a firearm; and driving a vehicle valued at more than $950 without consent of the owner. The jury found defendant guilty of all offenses and found all enhancements true. Defendant filed a motion to dismiss all enhancements, and the trial court granted the motion as to the enhancements under section 12022.53, subdivisions (c) and (d). The motion was denied

---

[1]     Further undesignated section references are to the Penal Code.

2

as to the great bodily injury enhancement and the enhancements under sections 12022.5, subdivision (a) and 12022.53, subdivision (b).

The court imposed seven years to life for the attempted murder conviction, 10 years for the gun enhancements attached to that conviction, two years for the possession of a concealed weapon conviction, and eight months for the unlawful driving of a vehicle conviction.  The trial court stayed the sentence for the assault with a deadly weapon conviction and associated enhancements without imposing a term of years, citing section 654.  The court appeared to impose sentence on the gun enhancements concurrently pursuant to sections 12022.5, subdivision (a) and 12022.53, subdivision (b) because it selected 10 years under both sections without staying imposition of either sentence.

Defendant appeals.

DISCUSSION

I

*Defendant Is Not Entitled To A Reduced*

*Sentence On The Gun Enhancement Attached To Count One*

Defendant argues his gun enhancement sentence should be reduced to four years because it appears the trial court sentenced him under the 12022.53 enhancement and it did not comply with newly enacted sentencing laws when imposing the upper term for the 12022.5 enhancement.  We disagree.

As a factual matter, we note that the trial court did not strike the gun enhancement found true pursuant to section 12022.53, subdivision (b).  Defendant does not argue that the trial court's decision not to strike that subdivision's enhancement was an abuse of discretion.  Thus, the trial court properly imposed 10 years pursuant to section 12022.53, subdivision (b), as that is the only term available under that subdivision.

Given the imposition of a sentence under section 12022.53, subdivision (b), the trial court should have stayed the sentence under section 12022.5, subdivision (a) because a firearm enhancement specified in section 12022.5 may not be imposed in addition to an

3

enhancement imposed under section 12022.53. (§ 12022.53, subd. (f); *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1129-1130; *People v. Warner* (2008) 166 Cal.App.4th 653, 659.) Even if stayed, however, the trial court must select a term pursuant to section 12022.5, subdivision (a). Section 12022.5, subdivision (a) imposes a sentence of either three, four, or 10 years.

Defendant argues the trial court improperly chose the upper term sentence under section 12022.5, subdivision (a) rather than the midterm sentence; however, we do not address the issue of term choice here. As discussed *post*, the matter must be remanded for resentencing, at which point defendant can raise this objection. (See *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64 [when a case is remanded for resentencing, the trial court is given jurisdiction to modify any aspect of a defendant's sentence].)

II

*Remand Is Required*

The parties note, but do not argue error, that the trial court did not impose a sentence for the assault with a deadly weapon conviction and associated enhancements before staying the sentence. When the trial court stayed the sentence for the assault conviction and attached enhancements, the court cited to section 654, which prohibits the imposition of more than one punishment for an act or omission which is made punishable in different ways by different statutory provisions. (§ 654, subd. (a).) "[W]hen a court determines that a conviction falls within the meaning of section 654, it is necessary to impose sentence but to stay the execution of the duplicative sentence." (*People v. Duff* (2010) 50 Cal.4th 787, 796, italics omitted.) Failure to follow this procedure results in an unauthorized sentence. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1472.) We must remand for the trial court to impose a sentence here because we cannot say what sentence the trial court undoubtedly would have imposed. (See *id*. at p. 1473 [appellate court imposed a midterm sentence because the trial court imposed a midterm sentence on the

4

nonstayed count involving the same conduct]; *People v. Lawley* (2002) 27 Cal.4th 102, 172.)

Accordingly, we shall remand the matter to the trial court for resentencing so that the court may select a sentence to impose for the assault with a deadly weapon conviction and attached enhancements, impose that sentence, and then stay execution of either the sentence on the assault with a deadly weapon conviction or the sentence on the attempted murder conviction.  We note section 654 has recently been amended by Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1).  Current section 654 allows the trial court to select in its discretion which term among those falling under its provision to impose.  Upon remand, the trial court shall exercise its discretion under the current version of section 654.

Further, as both parties agreed, the abstract of judgment contains clerical errors. We need not address this issue because the trial court will prepare a new abstract following resentencing.

## DISPOSITION

The matter is remanded for resentencing so the trial court may impose a sentence on the assault with a deadly weapon conviction and associated enhancements (count two); impose a sentence on the section 12022.5, subdivision (a) gun enhancement (count one); and exercise its discretion pursuant to section 654.  The trial court shall also entertain any sentencing objections then raised by defendant.  The judgment is otherwise affirmed.


/s/
ROBIE, Acting P. J.


We concur:


/s/
MAURO, J.


/s/
McADAM, J.*

---

\*       Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.